BOARD OF LAND COMMISSIONERS OF NACOGDOCHES COUNTY vs. HENRY RAGUET AND WILLIAM G. LOGAN — Appeal from Nacogdoches County.

The holders of all orders of survey of headrights, whether original claimants or their assignees, must prove all the facts required by the 12th section of the land law of 1837, and in the mode therein prescribed.

In suits brought in the district courts to establish headright claims, it was necessary to prove the same facts which the statute required to be established to the satisfaction of the board of land commissioners before a certificate could be obtained.

The material facts of this case are stated in the opinion of the court.

*Harris*, Attorney General, for appellant.
*Kaufman*, for appellees.
No brief furnished the reporters.

Mr. Justice LIPSCOMB delivered the opinion of the court.
This case was originally commenced by the present appellee,

before the board of land commissioners of Nacogdoches county, for a certificate for one-third of a league of [99] land. The commissioners rejected the claim. An appeal was taken from their decision to the district court, in which court there was a verdict and judgment in favor of the appellees in this court. The district attorney appealed, and by an agreement between him and the attorney for the claimant, which agreement is a part of the record, this case, and several others enumerated, were to be presented to this court, on precisely the same points and the same statement of facts, with the case of the Board of Land Commissioners of Nacogdoches v. James Reily.[1] The last named case came on to be heard and determined at the January term, 1841, of the court, and the judgment of the district court was reversed and the cause remanded.

According to the agreement, this case ought to have been disposed of in the same way. It has, however, remained on the docket until the present term. We have found no reason why the judgment should be now different. And we refer to the opinion of the present chief justice in the case against Reily, as settling the law in this. The reporters are instructed to report the opinion of the court, in the case referred to, in connection with this case.

The judgment of the district court of Nacogdoches is reversed, and the cause remanded for a new trial.

#### THE BOARD OF LAND COMMISSIONERS VS. JAMES REILY.

Chief Justice HEMPHILL delivered the opinion of the court.

The appellee in this case as the assignee of various individuals applied to the board of land commissioners for the county of Nacogdoches for certificates for the claims to land to which he alleged his assignors were respectively entitled as the grantees of orders of survey, obtained according to the laws of the country. The application being rejected, an appeal was taken to the district court, and during the pendency of the case before that tribunal, the following agreement was entered into between James Reily, the appellee [100] in this court, and Charles S. Taylor, the district attorney of the fifth judicial dis-

---

[1] Dallam, p. 381.

trict, viz.: "It is agreed that in all the land cases now on docket of the district court of Nacogdoches, wherein James Reily has sued the board of land commissioners, either as assignee or attorney, upon orders of survey with field notes annexed, the following points shall be considered as established: 1st. That the order of survey was obtained from a legally authorized commissioner and the survey made by a legally authorized surveyor, and that the section of the general provisions of the constitution which recites 'that all orders of survey legally obtained by any citizen of the republic from any legally authorized commissioner, prior to the act of the late consultation closing the land offices shall be valid,' has been complied with. 2d. That he is the regular purchaser or attorney of the original grantee, and entitled as assignee or attorney to sue the board of land commissioners for a certificate; provided, such admission of right in said Reily to sue does not go in avoidance of any duty or obligation that may by operation of law have devolved upon or become obligatory upon the grantee. 3d. That these are the questions to be submitted to the court and jury: 1st. That inasmuch as the original grantee has not complied with the requirements of the 12th section of the land law of 1837, can the said Reily recover before the court a verdict against said board? 2d. That an order of survey with field notes annexed do not constitute a legal title, and is not therefore the subject of transfer or assignment." Dated October 3, 1839.

On the 15th of the same month two of the appeals were tried and verdicts found for the said Reily. On the 17th a third was tried with a similar result; and on the same day an additional agreement was entered into, by which it was provided " that all the foregoing cases mentioned or referred to, being of the same nature and dependent on the same principles, the cause to be tried that day should decide all the others," the parties reserving to themselves the right of appeal, [101] if desirous to take the same. Accordingly the record enumerates more than seventy cases, which it states came on to be heard, and upon which a general judgment was entered in favor of the said Reily. It states substantially "that the plaint-

iff and district attorney having submitted said causes without further argument to the court: The record and evidence being the same in all respects as in the three several causes tried at this term of the court between the same parties, which were submitted to the court and jury, and full argument had thereon, as will more fully appear by the agreement of the district attorney and the said plaintiff, on file, all of which being fully considered by the court, it was adjudged and decreed that the said James Reily, assignee as aforesaid, do recover from the board of said commissioners, certificates for the quantity of land respectively annexed to the names of each of the assignors mentioned in the foregoing cases; provided, the decision of this court in the case of the said James Reily, assignee as aforesaid, be confirmed by the supreme court upon the facts as by agreement between the said James Reily, assignee as aforesaid, and Charles Taylor, district attorney." The board of land commissioners appealed to this court from the verdicts and judgment in the court below.

It is urged by one of the counsel for the appellee, that the agreement must govern the court, and we cannot go beyond it. The question of the propriety or binding efficacy of this transaction will not be considered by this tribunal. It has not been resisted by the counsel employed for the republic, and will therefore pass undisturbed. The appeal will be considered on the facts or points admitted as established in the court below. And the only question is, whether the facts, as established, authorized the jury in finding a verdict in favor of the appellee. What, then, were the points conceded by the admissions of the district attorney?

1st. That the order of survey was obtained from a legally authorized commissioner and the survey made by a legally [102] authorized surveyor, and that the provision of the constitution in relation to the validity of orders of survey had been fully complied with.

2d. That the appellee is the regular purchaser or attorney of the original grantee, and entitled as assignee or attorney to sue the board of land commissioners for a certificate, provided such admission of right in said Reily to sue does not go in

avoidance of any duty or obligation that may by operation of law have devolved upon or become obligatory upon the grantee. If any fact can be found in the third point, it shows that the original grantee has not complied with the requirements of the land law of 1837.

But it is urged that the record does not reject the presumption that Reily made all the proof required by the 12th section of the land law of 1837. We cannot discover any solid foundation for such a presumption. The admissions were unquestionably liberal; but they cannot be extended beyond the plain and obvious meaning of the terms in which they are expressed, to embrace other facts than those intended to be included therein. They must be confined to the points which in clear and unambiguous terms are conceded to be established.

Did, then, the facts admitted authorize the finding of the jury in the court below? We are clearly of opinion that they are insufficient to sustain the verdict. There are several material facts required to be proven by the 12th section of the land law of 1837, which are not admitted and can by no fair inference be considered as proven. By that section of the law persons claiming lands are required to swear that they were resident citizens of Texas at the date of the declaration of independence; that they did not leave the country during the campaign of the spring of 1836, to avoid a participation in the struggle, etc. They must also prove that they were actually citizens of Texas at the date of the declaration of independence, and have continued so to the time of making the application, etc., etc. Persons claiming [103] a grant to land by purchase must prove in the manner required by the act, that their vendors are actually entitled to said grants of land from the government, etc. "And all orders of survey of headrights, procured under the colonization laws previous to the declaration of independence, shall be submitted to the examination of the land commissioners, and the holders of the same, whether they be original claimants, their heirs or assignees, shall be subjected to the same formalities and requisitions in procuring said headrights as pointed out for other individuals in the law." It is apparent from this section that

where the grantee does not appear in person, his assignee must prove that the assignor has complied with the requirements of the law.

The record furnishes no evidence that the assignee in this case offered or attempted to make any such proof. Nothing is admitted but the legality of the orders of survey and the regularity of their assignment to applicant; and on these admissions it is clear that he was not entitled to the judgment of the court below.

Nor can it be maintained, as was urged, that it is unnecessary in the district court to prove the facts which the statute requires to be established to the satisfaction of the board of land commissioners before a certificate can be obtained. The statute prescribes the conditions on which certificates shall issue, and these must be complied with before any tribunal which has cognizance of the cause is authorized to decide in favor of the applicant.

But it was alleged, though not urged, that the 12th section of the land law of 1837 was unconstitutional. Had there been a serious attempt to impugn the provisions of that section, as in contravention of any rights which may have been guaranteed to the appellee by the constitution, it would have been the duty of this tribunal to have deliberated on and decided the question. But under the circumstances we have not thought it incumbent on us to take the matter into consideration. The appellee has not attempted to comply [104] with any of the requirements of that section. Now it is obvious that many of the conditions there imposed are in entire accordance with the constitution, and it is believed that none of the provisions of the two instruments are in conflict. But the point is left open for future discussion when it can be decided on solemn argument and mature deliberation.

It was also urged that under the 20th section of the land law of 1837, the appellee was entitled to a certificate and patent. This position is untenable. The 20th section requires the holder of an order of survey before obtaining a patent, to produce a certificate from some board of land commissioners. This cannot be obtained without making the proof required by

law. The provisions of the two sections are in entire harmony and the obligations imposed by the one are neither removed nor diminished by the other.

It was contended that the 8th section of the act passed at the last session of congress, "to detect fraudulent certificates," conferred a right upon the appellee, which was not taken away by the subsequent act of the 5th of February, as the latter act did not go into effect until three days after the former.

That the latter act was not in force until three days after the former was in operation in all its provisions is a position which is questionable; but the whole question in relation to the conflict between these two acts is waived as unnecessary to the decision of this case. The right of appeal is guaranteed by the constitution. The legislature cannot take it away from individuals, and it will not be considered as relinquished by the government, unless express terms are used to that effect, or that is the legitimate inference to be deduced from the provisions of the subject. It was decided by this tribunal at its last session, that under the laws of the land the right of appeal was not taken away from the government when the verdict of the jury was in favor of the applicant in the trial, authorized by the 16th section of the land law [105] of 1837. The opinion of this court has not been changed in relation to the correctness of that decision.

The appeal in this case was from a verdict a jury gave, under the 16th section of the land law of 1837. It had been taken long before the passage of the act "To detect fraudulent land certificates." By it the verdict of the jury and the judgment of the court were suspended in their operation. It was before this court and fairly within its cognizance, and could not be withdrawn by legislation, unless such was the plain and necessary import of the law in relation thereto.

It is unnecessary to express any opinion on the assignability of orders of survey. The suit was commenced under the land law of 1837, and that recognizes the power of the assignee to make the proof required by the statute.

The rendering of one general judgment on a number of separate causes, as was done in this instance, is an anomaly in

the history of judicial proceedings; and we hope no similar entry will again be found in the records of our courts. The law provides that such appeals shall be tried before a jury, and the entering of judgment unless on their verdict is not justifiable.

As the appellee may have it in his power to establish the proofs required by the land law of 1837, we will not, in reversing the decision of the court below, proceed to enter the judgment here which should have been rendered by that court.

And as perhaps in the prosecution of these claims, the parties may again appear before this tribunal, it must be understood that the whole of the facts, all of the evidence, whether documentary or oral, should be laid before this court. It is our duty to review causes already decided and on the facts on which the decisions were founded; not on partial or garbled statements, or on issues which might perhaps be made up to obtain the opinion of the court.

It is ordered, adjudged and decreed that the judgments of [106] the court below, in all the cases enumerated in the record in this appeal, be reversed and set aside, and that a new trial be granted to the said appellee in all the said cases.